IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| SINGING RIVER ELECTRIC § | | |
| POWER ASSOCIATION § | | PLAINTIFF |
| § | | |
| v. § | Civil Action No. 1:10cv486-LG-RHW | |
| § | | |
| BELLSOUTH § | | |
| TELECOMMUNICATIONS, INC. § | | DEFENDANT |

ORDER DENYING MOTION TO REMAND

**BEFORE THE COURT** is the Motion to Remand [7] filed by Singing River Electric Power Association. Bellsouth Telecommunications, Inc., has filed a response in opposition to the Motion, and Singing River has filed a reply. Upon reviewing the submissions of the parties and the applicable law, the Court finds that the Motion to Remand should be denied.

DISCUSSION

This lawsuit, which was originally filed in the Chancery Court of George County, arose out of a contract dispute concerning joint use utility poles. Bellsouth removed the case to this Court, alleging diversity jurisdiction.[1] Singing River has filed the present Motion to Remand alleging that a clause in the contract between the parties prevented Bellsouth from removing this lawsuit. The clause at issue provides, "Any action relating to this Agreement or arising out of its terms and conditions shall be instituted and litigated in a federal or state court in Mississippi." (Ex. A to Pl.'s Mot.

---

[1] It is undisputed that diversity jurisdiction exists, because the amount in controversy exceeds $75,000, and Bellsouth and Singing River are citizens of different states– Georgia and Mississippi, respectively.

at 16). Singing River interprets this clause to require that any lawsuit arising out of the contract must be instituted and litigated in the same federal or state court. In other words, it alleges that the entity filing the lawsuit has the right to choose where the lawsuit is litigated.

"For a contractual clause to prevent a party from exercising its right to removal, the clause must give a 'clear and unequivocal' waiver of that right." *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004) (quoting *McDermott Int'l, Inc. v. Lloyds Underwriters*, 944 F.2d 1199 (5th Cir. 1991)). There are three ways in which a party may clearly and unequivocally waive its removal rights: "[1] by explicitly stating that it is doing so, [2] by allowing the other party the right to choose the venue, or [3] by establishing an exclusive venue within the contract." *New Orleans*, 376 F.3d at 504.

Singing River argues Bellsouth waived its right to removal in the second way, by allowing the party initiating a lawsuit to choose the forum. It claims that *Waters v. Browning- Ferris Indus., Inc.*, 252 F.3d 796 (5th Cir. 2001), supports its argument. In *Waters*, the clause provided:

> Company irrevocably (1) agrees that any such suit, action, or legal proceeding may be brought in the courts of [Texas] or the courts of the United States for [Texas], (ii) consents to the jurisdiction of each such court in any such suit, action or legal proceeding and (iii) waives any objection it may have to the laying of venue in any such suit, action or legal proceeding in any of such courts.

*Waters*, 252 F.3d at 797. The *Waters* court found that the clause led the court "to the inescapable conclusion that the plaintiff negotiated with the defendant a clear right

-2-

to establish 'irrevocably' the place where his suit could be filed and heard." *Id.* at 798.

The *Waters* decision is distinguishable from the present lawsuit. The clause at issue in the present lawsuit does not at any time state that Bellsouth waived any objection to the venue selected by Singing River. The clause also does not state that Bellsouth consents to the jurisdiction of the venue selected by Singing River.

The *City of Rose City v. Nutmeg Ins. Co.* decision relied on by Singing River is similarly distinguishable. *See City of Rose City v. Nutmeg Ins. Co.*, 931 F.2d 13 (5th Cir. 1991). In *Nutmeg*, the clause at issue provided:

> [W]e, at your request agree to submit to the jurisdiction of any Court of Competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.

*Nutmeg*, 931 F.2d at 15. The parties also agreed, "[I]n any suit instituted against us upon this contract, we will abide by the final decision of such Court or any Appellate Court in the event of any appeal." *Id.* The clause at issue in the *Nutmeg* decision made it clear that Rose City had the right to choose the forum in which any dispute would be heard. *Id.* Meanwhile, in the present case, the clause does not specifically state that the party initiating the lawsuit has the right to choose the forum in which the case will be litigated; rather the parties merely agreed that the case would be initiated and litigated in either state or federal court in Mississippi.

The last case relied upon by Singing River, *WDMG, LLC v. Sirius Satellite Radio, Inc.*, No. 3:08cv1195, 2008 WL 4998783 (N.D. Tex. Nov. 21, 2008). The clause

at issue in the *Sirius* decision stated,

> [Sirius] irrevocably and unconditionally waives any objection to the laying of venue of any action, suit or proceeding arising out of this Agreement . . . and hereby irrevocably and unconditionally waives and agrees not to plead or claim in any such court that any such action, suit, or proceeding brought in such court has been brought in an inconvenient forum.

*Sirius*, 2008 WL 4998783 at *2. Once again the clause at issue in that case clearly stated that Sirius irrevocably waived any objection to the venue chosen for any lawsuit. *See id.* The clause at issue in the present case contains no such language.

The Court finds the language necessary to support Singing River's construction of this forum selection clause is absent. Bellsouth did not clearly and unequivocally waive its right of removal.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Remand [7] filed by Singing River Electric Power Association is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that, pursuant to Rule 16.1 (B)(2)(b) of the Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, the parties shall promptly notify the Magistrate Judge of this order and shall promptly submit an order lifting the stay entered in this matter on November 9, 2010.

**SO ORDERED AND ADJUDGED** this the 8th day of December, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE